UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
THE VELVET UNDERGROUND, a                  :        Civil Action No.
Partnership, by its General Partners,              :        12 Civ. 00201 (AJN)
John Cale and Lou Reed,
                                                             :
                            Plaintiff,                 :        ECF Case
                                                             :
             -against-
                                                             :
THE ANDY WARHOL FOUNDATION FOR
THE VISUAL ARTS, INC.,                           :

                            Defendant.               :

-------------------------------------------------------------x


## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS
## FIRST AMENDED COMPLAINT


March 19, 2012


COLLEN IP

*Attorneys for Defendant*
*The Andy Warhol Foundation For the Visual Arts, Inc.*

Jess M. Collen
Joshua Paul
David B. Ewen
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel. (914) 941-5668

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................  i

I.     SUMMARY OF ARGUMENT……………………………………………….  1

II.    PLAINTIFF'S FIRST AMENDED COMPLAINT………………………….  2

III.   THIS COURT SHOULD DISMISS ALL FOUR COUNTS OF PLAINTIFF'S
       FIRST AMENDED COMPLAINT ……………………………………………….  4

       A.     This Court Lacks Jurisdiction Over the Subject Matter of Plaintiff's Claim
              for Declaratory Relief (Count I) …………………………………………..  4

       B.     Plaintiff's Remaining Causes of Action Fail to State a Claim for Which
              Relief Can be Granted (Counts II, III and IV)……………………………..  8

IV.    CONCLUSION………………………………………………………………….  11

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Barco N.V. v. Technology Properties Ltd.*,
No. 08-5398, 2010 WL 604673 (N.D. Cal. Feb. 19, 2010)………………………………  6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)……………………………………………………………………  9

*Binetic Australia, Ltd. v. Nucleonics, Inc.*,
495 F.3d 1340 (Fed. Cir. 2007), *cert. denied*,
553 U.S. 1014, 128 S. Ct. 2055 (2008)………………………………………………..  5

*Crossbow Technologies, Inc. v. YH Technologies*,
531 F. Supp.2d 1117 (N.D. Cal. 2007)………………………………………………..  6

*Dow Jones & Co. v. Ablaise Ltd.*,
606 F.3d 1338 (Fed. Cir. 2010) ………………………………………………………  6

*ESPN, Inc. v. Quicksilver, Inc.*,
586 F. Supp.2d 219 (S.D.N.Y. 2008)…………………………………………………  8

*Furminator, Inc. v. Ontel Products Corp.*,
246 F.R.D. 579 (E.D. Mo. 2007)………………………………………………………  6

*Hanover Star Milling Co. v. Metcalf*,
240 U.S. 403, 36 S. Ct. 357 (1916)……………………………………………………  9

*Houbigant, Inc. v. IMG Fragrance Brands, LLC*,
09 Civ. 839, 2009 WL 5102791 (S.D.N.Y. Dec. 18, 2009)……………………………...  9

*King Pharms., Inc. v. Eon Labs, Inc.*,
616 F.3d 1267 (Fed. Cir. 2010) ………………………………………………………  6

i

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
312 U.S. 270, 61 S. Ct. 510 (1941)……………………………………………………  5


*Marshak v. Green*,
746 F.2d 927 (2d Cir. 1984)……………………………………………………...  11


*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118, 127 S. Ct. 764 (2007)……………………………………………..  4, 5


*Nike, Inc. v. Already, LLC*,
663 F.3d 89 (2d Cir. 2011) …………………………………………………………  4, 5


*Starter Corp. v. Converse, Inc.*,
84 F.3d 592 (2d Cir. 1996) (per curiam), *abrogated on other grounds by*
*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S. Ct. 764 (2007)…………….  5


*Tequila Cuervo La Rojena, S.A. C.V. v. Jim Beam Brands Co.*,
No. 10-0203, 2011 U.S. Dist. LEXIS 12290 (S.D.N.Y. Feb. 8, 2011) …………………  6


*Time, Inc. v. Peterson Publishing Co., L.L.C.*,
173 F.3d 113 (2d Cir. 1999) …………………………………………………………  8


*Turkmen v. Ashcroft*,
589 F.3d 542 (2d Cir. 2009)……………………………………………………...  9


*United Drug Co. v. Theodore Rectanus Co.*,
248 U.S. 90, 38 S. Ct. 48 (1918)……………………………………………………  9


*Universal City Studios, Inc. v. Nintendo Co., Ltd.*,
578 F. Supp. 911 (S.D.N.Y. 1983), *aff'd*, 746 F.2d 112 (2d Cir. 1984) ………………  9

**FEDERAL STATUTES**

Fed. R. Civ. P. 12(b)(1) ........................................................................................ 1, 4, 8, 11


Fed. R Civ. P. 12(b)(6)........................................................................................ 1, 9, 11


28 U.S.C. § 2201(a) ............................................................................................ 4

**TREATISES, LEGISLATIVE REPORTS & OTHER AUTHORITIES**

J. Thomas McCarthy,
*McCarthy on Trademarks & Unfair Competition*
(4th ed. 2012) § 2.20 .......................................................................................... 9

Defendant The Andy Warhol Foundation for the Visual Arts, Inc. ("Warhol Foundation") respectfully submits this Memorandum of Law in support of its motion to dismiss Plaintiff's First Amended Complaint.

## I.      SUMMARY OF ARGUMENT

Plaintiff's first cause of action seeks a declaratory judgment that the Warhol Foundation "has no copyright rights" in a particular design created by Andy Warhol.  However, the Warhol Foundation has provided Plaintiff with a covenant not to sue for copyright infringement of the design.  Because Plaintiff no longer faces an imminent, live threat of suit for copyright infringement, the declaratory relief sought by Plaintiff no longer presents the Court with a justiciable controversy.  This Court therefore should dismiss Count I of the First Amended Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  *Infra*. pp. 4 – 8.

Plaintiff's second, third and fourth causes of action seek injunctive and monetary relief arising from the Warhol Foundation's alleged "infringement" and "misappropriation" of various purported trademark rights supposedly owned by Plaintiff.  All three claims suffer from the same fatal flaw:  they presuppose that Plaintiff "owns" an unrestricted property right in the Banana Design as a trademark, extending to all manner of goods or services as a matter of course.  However, trademark rights exist ***only*** in relation to specific goods and/or services.  Counts II through IV of the complaint fail to allege goods or services on which Plaintiff actually uses the Banana Design as a trademark (and from which Plaintiff's trademark rights, if any, derive).  This Court therefore should dismiss those Counts under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  *Infra*. pp. 8 – 11.

## II.    PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges that it is a New York partnership composed of members of the now-defunct rock group The Velvet Underground.  Am. Compl. (D.E. 13), ¶¶ 16, 3.  The band was formed in 1965 by the musicians John Cale and Lou Reed.  *Id*., ¶ 4.

Plaintiff alleges that, in 1966 or 1967, the artist Andy Warhol provided the band with a drawing of "a banana design and a stylized 'Andy Warhol' signature" (the "Banana Design") for use on the front cover of the band's first L.P., called *The Velvet Underground and Nico*.  *Id*., ¶¶ 5 – 6.  A copy of the claimed Banana Design, as depicted by Plaintiff in Exhibit 1 to the First Amended Complaint, appears below:



Although The Velvet Underground band broke up in 1972, Plaintiff alleges that The Velvet Underground partnership has engaged in "ongoing [program of] licensed merchandizing activity." *Id*., ¶¶ 8 – 10.  The Banana Design, according to Plaintiff, has become a "symbol" or "icon" of the defunct rock group and is a "significant element" of Plaintiff's licensing program. *Id*., ¶¶ 9, 10.

Defendant Warhol Foundation is a not-for-profit corporation established in accordance with Andy Warhol's will after his death in 1987.  That year, the Warhol Foundation acquired,

2

among other assets, all trademark rights owned by Mr. Warhol at the time of his death, as well as

the copyright rights in various works of authorship created by Warhol. *See* Am. Compl., ¶ 23

("the Warhol Foundation is the owner of all right, title and interest in certain copyrighted works

created by Andy Warhol").

The Warhol Foundation's mission is to advance the visual arts. *See*

www.warholfoundation.org.  It supports this mission through various activities, including a

licensing program of various artistic works created by Warhol during his lifetime.  As part of its

licensing program, the Warhol Foundation has granted third parties the right to use the Banana

Design in connection with a wide range of goods.  Am. Compl., ¶¶ 12 - 13, 28 - 29.

In December 2009, the Warhol Foundation learned about and subsequently objected to

Plaintiff's use of the Banana Design.  Plaintiff, in turn, objected to what it called the Warhol

Foundation's "indiscriminate and unauthorized" licensing of the Banana Design.  *Id*., ¶ 12; 13 –

15.

Plaintiff filed suit against the Warhol Foundation on January 11, 2012 (D.E. 1), and filed

an amended complaint on February 17, 2012 (D.E. 13).  Plaintiff's amended complaint contains

four causes of action, styled as "Counts."

Plaintiff's first cause of action (Am. Compl., ¶¶ 21 – 40) seeks a declaratory judgment

that the Warhol Foundation "has no copyright rights in the Banana [D]esign" and that "[t]he use

of the Banana [D]esign by . . . [plaintiff] cannot infringe any copyright rights" owned by the

Warhol Foundation.  *Id*., p. 20 (Prayer for Relief).  Plaintiff's claim for declaratory relief also

seeks an Order requiring the Warhol Foundation to "account for all monies received by

defendant . . . attributable to defendant's claim that it owns . . . a purported copyright in the

Banana [D]esign."  *Id*.

Plaintiff's second through fourth causes of action seek injunctive and monetary relief arising from the Warhol Foundation's alleged "infringement" and "misappropriation" of trademark rights, which Plaintiff claims to own in the Banana Design.  Id., ¶¶ 41 – 51 (second cause of action – infringement of unregistered trademark pursuant to 15 U.S.C. § 1125[a]); ¶¶ 52 – 63 (third cause of action - unfair competition under New York common law); ¶¶ 64 – 70 (fourth cause of action - "misappropriation" under New York common law).

## III.   THIS COURT SHOULD DISMISS ALL FOUR COUNTS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

### A.   This Court Lacks Jurisdiction Over the Subject Matter of Plaintiff's Claim For Declaratory Relief (Count I)

The Court should dismiss Plaintiff's claim for declaratory relief (Count I) pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction).  As we explain *infra*. pp. 6 - 8, the Warhol Foundation has provided Plaintiff with a Covenant Not to Sue in connection with the subject of the declaratory judgment sought by Plaintiff.  By operation of law, the Covenant divests this Court of jurisdiction over the subject matter of Count I.

The Declaratory Judgment Act empowers the federal district courts to "declare the rights and other legal relations" of the parties in suit, provided that the underlying matter is "a case of actual controversy."  28 U.S.C. § 2201(a). The United States Supreme Court has explained that the statute's phrase "case of actual controversy" refers to the constitutional requirement that the federal judicial power extend only to matters that "are justiciable under Article III" of the Constitution.  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764 (2007).

A case or controversy is "justiciable" within the meaning of the Declaratory Judgment Act where the adversity of legal interests between the parties is "of sufficient *immediacy* and *reality* to warrant the issuance of a declaratory judgment."  *Nike, Inc. v. Already, LLC*, 663 F.3d

4

89, 94 (2d Cir. 2011), *quoting Maryland Casualty Co. v. Pacific Coal & Oil Co*., 312 U.S. 270, 273, 61 S. Ct. 510 (1941). *See also MedImmune*, 549 U.S. at 127; *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 241, 57 S. Ct. 461 (1937) (constitutional requirement of "justiciability" requires that the parties' adversity of legal interests between the parties must be "real and substantial").

The party seeking declaratory relief must establish the presence of a justiciable case or controversy throughout the case – not just when the case is filed. *Binetic Australia, Ltd. v. Nucleonics, Inc*., 495 F.3d 1340, 1344 (Fed. Cir. 2007), *cert. denied*, 553 U.S. 1014, 128 S. Ct. 2055 (2008) (party invoking court's declaratory judgment jurisdiction bears burden of establishing "that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since"). *Starter Corp. v. Converse, Inc*., 84 F.3d 592, 594 - 95 (2d Cir. 1996) (per curiam), abrogated on other grounds by *MedImmune*, 549 U.S. at 118.

The courts have long held that there is no case or controversy under the Declaratory Judgment Act where defendant provides plaintiff with a covenant not to sue. The covenant assures plaintiff that defendant will not pursue the legal claims that caused plaintiff to request declaratory relief in the first place.  With the threat of suit removed, there is no longer a concrete and immediate ("justiciable") dispute between the parties.

For example, in *Nike*, 663 F.3d at 89, defendant's counterclaim sought a declaratory judgment that plaintiff's registered trademark did not warrant legal protection under the Lanham Trademark Act and that defendant had not infringed any purported trademark of plaintiff.  Four months after defendant filed its counterclaim, plaintiff provided defendant with covenant not to sue defendant on any cause action for infringement of the trademark in question. *Id*. at 4.  The Second Circuit affirmed the District Court's decision to dismiss defendant's declaratory

judgment counterclaim, on the ground that the covenant not to sue had divested the District

Court of jurisdiction over the subject matter of the claim. *Id.* "We agree with the District

Court," the appellate panel noted, that "it had no actual case or controversy before it.  The

language of the covenant [not to sue] is broad, covering both present and future products," and is

"unconditional." *Id.* at 97 ("the breadth of the Covenant renders the threat of litigation remote or

nonexistent").

Other courts have similarly held that a broad covenant not to sue removes the threat of

litigation and hence divests a district court of subject matter jurisdiction under the Declaratory

Judgment Act.  *E.g.*, *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010)

(covenant not to sue divested court of jurisdiction over claims seeking declarations of patent

invalidity and non-infringement); *Tequila Cuervo La Rojena, S.A. C.V. v. Jim Beam Brands Co.*,

Civil Action No. 10 Civ. 0203, 2011 U.S. Dist. LEXIS 12290, *13 (S.D.N.Y. Feb. 8, 2011)

(declaratory judgment defendant's covenant not to sue "divests this Court of jurisdiction by

eliminating the threat of suit for trademark infringement"); *Barco N.V. v. Tech. Props. Ltd.*, No.

08-5398, 2010 WL 604673, at *1 - *2 (N.D. Cal. Feb. 19, 2010) (same); *Crossbow Tech., Inc. v.

YH Tech.*, 531 F. Supp. 2d 1117, 1122 - 24 (N.D. Cal. 2007) (same); *Furminator, Inc. v. Ontel

Prods. Corp.*, 246 F.R.D. 579, 590 - 92 (E.D. Mo. 2007) (same).  *See also King Pharms., v. Eon

Labs, Inc.,* 616 F.3d 1267, 1281 - 83 (Fed. Cir. 2010) (vacating district court's order of invalidity

because the "covenants not to sue confirm that there is no case or controversy" to support subject

matter jurisdiction).

The Warhol Foundation contends that the parties' pre-suit communications do not

establish a justiciable "case or controversy" with respect to the subject matter Plaintiff's claim

for declaratory relief (Count I), through which Plaintiffs seeks a declaratory judgment of the

scope of any copyright rights the Warhol Foundation may own in the Banana Design.

Nevertheless, in order to avoid protracted and expensive motion practice over the justiciability of

Count I, on March 19, 2012 the Warhol Foundation provided Plaintiff with an unconditional and

irrevocable Covenant Not to Sue Plaintiff for infringement of any copyright right in the Banana

Design.  *See* accompanying Declaration of Joshua Paul executed on March 19, 2012 ("Paul

Decl."), ¶ 2 and Ex. 1 annexed thereto.

The Covenant Not to Sue executed by the Warhol Foundation covers Plaintiff and all

persons and entities who might conceivably claim rights through Plaintiff, including:

- "[a]ny of [Plaintiff's] . . . partners, members or shareholders, including,
without limitation, John Cale and Lou Reed";

- "[a]ny of parent, subsidiary . . . sales agent, licensing agent, vendee,
assign, independent contract manufacturer, distributor, or person or entity claiming to be
in privity of contract with [Plaintiff] . . . or [with] any of [Plaintiff's] . . . partners,
members or shareholders"; and

- "[a]ny predecessor, successor, officer, director, employee, agent,
distributor, independent contract manufacturer, or assign of" any of person or entity noted
above.

Paul Decl., Ex. 1 at p. 2.

Through the Covenant, the Warhol Foundation has relinquished all right to sue Plaintiff

and the other covered persons/entities "for infringement of any statutory or common law

copyright in the Banana Design under the current, former, or any future copyright law of the

United States."  *Id*.  The Covenant extends to all claims "for infringement of a copyright interest

in the Banana Design arising from all past, current or future activities of" Plaintiff or other

7

covered persons/entities, and applies "regardless of whether said Claim for copyright infringement accrues before, on, or after the" Covenant's effective date. *Id.*

Because Plaintiff no longer faces an imminent, concrete, live threat of suit for copyright infringement, the declaratory relief sought by Plaintiff no longer presents the Court with a justiciable controversy. This Court therefore should dismiss Count I of the First Amended Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

**B.    Plaintiff's Remaining Causes of Action Fail to State a Claim for Which Relief Can Be Granted (Counts II, III and IV)**

In Counts II, III and IV, Plaintiff complains about the Warhol Foundation's "infringement" of Plaintiff's purported rights in the Banana Design *as a trademark*. *E.g.*, Am. Compl., ¶ 45 (Count II – "Defendant's unauthorized use of the Mark[1] . . . ."); *id.*, ¶ 53 (Count III – "… as a result of defendant's use of plaintiff's Mark . . . ."); *id.*, ¶ 65 (Count IV - "Defendant has diverted to itself value created [by Plaintiff] in the Mark . . . .").

A party seeking to enforce rights in a trademark must plead and prove that the claimed mark is "a valid mark entitled to protection." *Time, Inc. v. Peterson Publishing Co. L.L.C.*, 173 F.3d 113, 117 (2d Cir. 1999). "To state a claim for trademark infringement  . . ., plaintiff must allege facts which establish that her mark merits protection," *ESPN, Inc. v. Quiksilver, Inc.*, 586 F. Supp. 2d 219, 226 (S.D.N.Y. 2008).

It is axiomatic that a word, symbol, or design can function as a valid trademark only if, and only to the extent that, plaintiff uses its mark (1) as part of an ongoing business and (2) in connection with specific goods or services. "There is no such thing as property in a trade-mark except as a right appurtenant to an established business or trade in connection with which the

---

[1]   Throughout the First Amended Complaint, Plaintiff uses the defined terms "Banana Design" and "the Mark" interchangeably. E.g., Am. Compl., ¶ 1.

mark is employed." *United Drug Co. v. Theodore Rectanus Co*. 248 U.S. 90, 97, 38 S. Ct. 48

(1918).  *Accord*, *Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403, 414, 36 S. Ct. 357 (1916)

("a trade-mark is treated as merely a protection for the good-will, and not the subject of property

except in connection with an existing business"); *Universal City Studios, Inc. v. Nintendo Co.,*

*Ltd.*, 578 F. Supp. 911, 922 (S.D.N.Y. 1983), *aff'd*, 746 F.2d 112 (2d Cir. 1984) ("Trademark

rights do not exist in the abstract," but rather only "in connection with a business or product").

J. Thomas McCarthy, MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION (4th ed. 2012) at §

2.20 ("[a] trademark has no independent significance apart from the good will it symbolizes. If

there is no business and no good will, a trademark symbolizes nothing").

      "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Turkmen v. Ashcroft*, 589

F.3d 542, 546 (2d Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.

Ct. 1955 (2007)).  A claim is facially plausible only where "the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.*  Pleadings which fail to meet this standard are properly dismissed.  *See*

*Houbigant, Inc. v. IMG Fragrance Brands, LLC*, No. 09-839, 2009 WL 5102791 (S.D.N.Y. Dec.

18, 2009) (granting Rule 12(b)(6) motion to dismiss complaint for trademark infringement).

      Here, Counts II, III and IV of Plaintiff's First Amended Complaint fail as a matter of law.

Plaintiff's pleading contains no factual content from which this Court may reasonably infer a

critical element of Plaintiff's *prima facie* case – namely, that Plaintiff uses its "mark" (the

Banana Design) as part of an ongoing business and in connection with specifically identified

good(s) or service(s).

Plaintiff alleges that the Banana Design is "a symbol, truly an icon, of The Velvet Underground" and that it "is firmly associated with the rock group The Velvet Underground." Am. Compl., ¶¶ 9, 42. *See also id.*, ¶ 10 (Banana Design "symbolize[s] the group and its whole body of work"). Yet Plaintiff also concedes in its pleading that the band The Velvet Underground has not been engaged in the music performing business in the United States for 40 years. Am. Compl., ¶ 8 ("[t]he Velvet Underground broke up as a performing unit in 1972"). Surely, Plaintiff is not engaged in an ongoing business of music performing.

The closest Plaintiff comes to identifying an ongoing business is the wholly conclusory assertion that the Banana Design is a "significant element of ongoing licensed merchandising activity" by Plaintiff. *Id.*, ¶ 10 (emphasis added). However, nowhere in the First Amended Complaint does Plaintiff identify the nature or scope of this purported "ongoing" licensing program. Although Plaintiff alleges that it once "licensed" the Banana Design for use in an Absolut Vodka ad, Plaintiff also concedes in its pleading that this event took place 11 years ago – in 2001. *Id.*, ¶ 9. This factual allegation, even if true, provides no support for Plaintiff's allegation of "ongoing" licensing activity.

Plaintiff's substantive allegations of trademark use are paltry at best. They certainly do not support the immensely broad scope of relief Plaintiff requests in its Prayer for Relief. *Id.*, p. 21 at §§ B.2 and C.2 (seeking permanent injunction "enjoining and restraining defendant from licensing or purporting to license, the Banana design for ***any purpose***, including, without limitation, the manufacture, sale, or marketing of ***any product*** that exploits in ***any way*** the Banana design …." (emphasis added). Plaintiff apparently believes itself entitled to use – to the exclusion of the Warhol Foundation and others – the Banana Design for all purposes, on all products and services, and in all ways.

10

Plaintiff has put the cart before the horse.  A trademark "has no existence apart from the good will of the product or service it symbolizes." *Marshak v. Green*, 746 F.2d 927, 929 (2d Cir. 1984).

Plaintiff's pleading does not provide the Warhol Foundation with reasonable notice of the goods/services for which Plaintiff claims to have used its alleged trademark, and from which Plaintiff's alleged trademark rights stem.  Because the First Amended Complaint contains no factual matter from which the Court may plausibly conclude that Plaintiff uses the Banana Design as a trademark in connection with one or more particular goods or services as part of an ongoing business, Plaintiff has failed to plead an essential element of its *prima facie* case.  The Court therefore should dismiss Counts II, III and IV pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## III.    CONCLUSION

For the foregoing reasons, the Warhol Foundation respectfully requests this Court to enter an Order (1) pursuant to Fed. R. Civ. P. 12(b)(1), dismissing Count I of Plaintiff's First Amended Complaint for lack of subject matter jurisdiction; (2) pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Counts II, III and IV of Plaintiffs' First Amended Complaint for failure to state a claim for which relief can be granted; and (3) awarding the Warhol Foundation such other and further relief as the Court deems necessary, just and proper.

The Warhol Foundation respectfully requests oral argument on this motion.

Dated: Ossining, New York
March 19, 2012

Respectfully submitted,

COLLEN IP
Attorneys for Defendant,
The Andy Warhol Foundation For The Visual Arts, Inc.

By:
Jess M. Collen
Joshua Paul (JP 4079)
David B. Ewen
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10158
Tel. 914 (941) 5668

12