**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE VELVET UNDERGROUND, a Partnership, by its General Partners, John Cale and Lou Reed, | Civil Action No. 12 Civ. 00201 (AJN) |
| Plaintiff, | ECF Case |
| -against- | |
| THE ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., | |
| Defendant. | |

# WARHOL FOUNDATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant The Andy Warhol Foundation for the Visual Arts, Inc. ("Defendant"), by and through its attorneys, answers the Second Amended Complaint of Plaintiff The Velvet Underground ("Plaintiff") as follows:

## "NATURE OF THE ACTION AND RELIEF SOUGHT"

1.      Defendant denies the allegations contained in ¶ 1 of the SAC, except admits that Plaintiff purports to bring this action under the Lanham Act and under the common law of New York State.

2.      Defendant admits that Count I of the SAC seeks a judicial declaration that Defendant has no copyright rights or interest in the Warhol Banana Design.  Defendant respectfully avers that it is not obligated to plead responsively to the remaining allegations of ¶ 2

of the SAC in light of the Court's Order and Opinion filed September 7, 2012, which granted Defendant's motion to dismiss Count I of the SAC (the "Dismissal Order," D.E. 30).

3.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 3 of the SAC.

4.     Defendant admits, upon information and belief, that Andy Warhol attended one or more performances of the performing group The Velvet Underground ("VU Ensemble") during 1965 and/or 1966; that Andy Warhol and the VU Ensemble enjoyed a collaborative artistic relationship; and that members of the VU Ensemble frequented Andy Warhol's studio "The Factory." Defendant denies knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶ 4 of the SAC.

5.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 5 of the SAC.

6.     Defendant admits, upon information and belief, that:

(i) Andy Warhol provided artwork for the front cover of the VU Ensemble's album "The Velvet Underground and Nico" (the "Album");

(ii) The artwork for the Album's front cover was a design of a banana (the "Warhol Banana Design"); and

(iii) Andy Warhol's signature appeared on the Album's front cover beneath the Warhol Banana Design.

Defendant respectfully avers that, in light of the Dismissal Order, Defendant is not obligated to plead responsively to those allegations of ¶ 6 that concern the presence or absence of a copyright notice on the Album's cover. Defendant denies knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶ 6.

7.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 7 of the SAC.

8.      Defendant admits that the VU Ensemble broke up as a performing group in 1972. Defendant denies knowledge or information sufficient to form a belief about the truth about the remaining allegations contained in ¶ 8 of the SAC.

9.      Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 9 of the SAC.

10.      Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 10 of the SAC.

11.      Defendant denies the allegations contained in the third and fourth sentences of ¶ 11 of the SAC.  Defendant denies knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶ 11.

12.      Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 12 of the SAC.

13.      Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 13 of the SAC.

14.      Defendant admits that, prior to instituting suit against Defendant, Plaintiff communicated its legal positions in written correspondence addressed to Defendant.  Defendant denies knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶ 14 of the SAC.

15.      Defendant denies knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations concerning the August 2011 article in the New York Times. Defendant denies the remaining allegations contained in ¶ 15 of the SAC.

16.     Defendant admits that the Warhol Banana Design is part of the catalog of artwork and images that Defendant makes available for license.  Defendant denies the remaining allegations contained in ¶ 16 of the SAC.

17.     Defendant admits that, on January 25 and 26, 2012, it filed applications in the United States Patent and Trademark Office ("PTO") to register the Warhol Banana Design as a trademark on the PTO's Principal Register in connection with various goods.  Defendant denies that Plaintiff is a "trademark holder," and denies knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶ 17 of the SAC.

18.     Defendant admits that it has asserted to Plaintiff that Plaintiff does not enjoy any enforceable trademark rights in the Warhol Banana Design.  Defendant respectfully avers that, in light of the Dismissal Order, Defendant is not obligated to plead responsively to the remaining allegations contained in ¶ 18 of the SAC.

19.     Defendant admits that Count II of the SAC purports to state a claim against Defendant under Section 43(a) of the Lanham Act.  Defendant denies the remaining allegations contained in ¶ 19 of the SAC.

<u>"PARTIES"</u>

20.     Defendant admits, on information and belief, that Plaintiff's principal place of business is located at 270 Madison Avenue, Suite 140, New York, New York 10016.  Defendant denies knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶ 20 of the SAC.

21.     Defendant admits the allegations contained in Paragraph 21 of the SAC.

<u>"JURISDICTION AND VENUE"</u>

22.     Defendant denies that the Court has subject matter jurisdiction over the cause of action asserted in Count I of the SAC, but admits that the Court has subject matter jurisdiction over the SAC's remaining three causes of action.

23.     Defendant admits that the Court may assert personal jurisdiction over Defendant.

24.     Defendant admits that venue is proper in this Judicial District.

<u>"COUNT I:  DECLARATORY JUDGMENT"</u>

25.     Defendant repeats and incorporates by reference its answers to ¶¶ 1 – 24 of the SAC.

26.     Defendant respectfully avers that, in light of the Dismissal Order, Defendant is not obligated to plead responsively to the allegations contained in ¶¶ 25 – 44 of the SAC.

[¶¶ 27 – 44 are intentionally left blank]

<u>"COUNT II:  FALSE DESIGNATIONS OF ORIGIN"</u>

45.     Defendant repeats and incorporates by reference its answers to ¶¶ 1 – 24 of the SAC.

46.     Defendant denies knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that Plaintiff has "for at least 25 years . . . licensed the Mark's use on goods…."  Defendant denies the remaining allegations contained in ¶ 46 of the SAC.

47.     Defendant admits that it has extended licenses to third parties to use the Warhol Banana Design.  Defendant denies the remaining allegations contained in ¶ 47 of the SAC.

48.     Defendant denies the allegations contained in ¶ 48 of the SAC.

49.     Defendant denies the allegations contained in ¶ 49 of the SAC.

50.     Defendant denies the allegations contained in ¶ 50 of the SAC.

51.     Defendant denies the allegations contained in ¶ 51 of the SAC.

52.     Defendant denies the allegations contained in ¶ 52 of the SAC.

53.     Defendant denies the allegations contained in ¶ 53 of the SAC.

54.     Defendant denies the allegations contained in ¶ 54 of the SAC.

55.     ¶ 55 of the SAC purports to reserve various procedural "rights" of Plaintiff. Defendant respectfully avers that it is not obligated to respond.

"COUNT III:  UNFAIR COMPETITION UNDER NEW YORK COMMON LAW"

56.     Defendant repeats and incorporates by reference its answers to ¶¶ 1 – 24 and 45 - 55 of the SAC.

57.     Defendant denies the allegations contained in ¶ 57 of the SAC.

58.     Defendant admits Plaintiff's allegation that the Warhol Foundation owns all right, title and interest in many designs by Andy Warhol.  Defendant denies knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation about the "fair market value" of the "many hundreds and possibly thousands of original designs by Andy Warhol." Defendant denies the remaining allegations contained in ¶ 58 of the SAC.

59.     Defendant admits Plaintiff's allegation that, "since in or about 2005, the Warhol Foundation has actively licensed" numerous designs "for use on a wide array of goods." Defendant denies knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶ 59 of the SAC.

60.     Defendant denies the allegations contained in ¶ 60 of the SAC.

61.     Defendant denies the allegations contained in ¶ 61 of the SAC.

62.     Defendant denies the allegations contained in ¶ 62 of the SAC.

63.     Defendant denies the allegations contained in ¶ 63 of the SAC.

64.     Defendant denies the allegations contained in ¶ 64 of the SAC.

65.     Defendant denies the allegations contained in ¶ 65 of the SAC.

66.     Defendant denies the allegations contained in ¶ 66 of the SAC.

67.     ¶ 67 of the SAC purports to reserve various procedural "rights" of Plaintiff.
Defendant respectfully avers that it is not obligated to respond.

"COUNT IV:  MISAPPROPRIATION UNDER NEW YORK COMMON LAW"

68.     Defendant repeats and incorporates by reference its answers to ¶¶ 1 – 24, 45 – 55,
and 56 - 67 of the SAC.

69.     Defendant denies the allegations contained in ¶ 69 of the SAC.

70.     Defendant denies the allegations contained in ¶ 70 of the SAC.

71.     Defendant denies the allegations contained in ¶ 71 of the SAC.

72.     Defendant denies the allegations contained in ¶ 72 of the SAC.

73.     Defendant denies the allegations contained in ¶ 73 of the SAC.

74.     ¶ 74 of the SAC purports to reserve various procedural "rights" of Plaintiff.
Defendant respectfully avers that it is not obligated to respond.

"EXEMPLARY DAMAGES"

75.     Defendant denies the allegations contained in ¶ 75 of the SAC.

## AFFIRMATIVE DEFENSES

In addition to the admissions and denials stated above, Defendant asserts the following affirmative defenses to liability.  These defenses are pled in the alternative and do not constitute an admission of liability by Defendant.

### First Affirmative Defense

76.     Count IV of the SAC fails to state a claim for which relief can be granted.

### Second Affirmative Defense

77.     Plaintiff never made a bona fide source-indicating trademark use of the Warhol Banana Design in connection with some or all of the goods/services for which Plaintiff claims trademark rights.

### Third Affirmative Defense

78.     The Warhol Banana Design never acquired a secondary meaning as a designation of origin for Plaintiff's business in connection with some or all of the goods/services for which Plaintiff claims trademark rights.

### Fourth Affirmative Defense

79.     Even if Plaintiff at some point in the past developed trademark rights in the Warhol Banana Design for certain goods/services, Plaintiff thereafter abandoned those rights by discontinuing its use of the Warhol Banana Design as a trademark with the intention not to resume such use.

## Fifth Affirmative Defense

80.     In licensing-out the right to use the Warhol Banana Design, Plaintiff authorized and/or condoned its licensees' use of Andy Warhol's name and/or signature in close proximity to the Warhol Banana Design, even though the goods in do not originate from and are not affiliated with Defendant.  Plaintiff's claims are therefore barred by the doctrines of unclean hands and/or illegal trademark use.

## Sixth Affirmative Defense

81.     As between the parties, Defendant enjoys priority of trademark use of the Warhol Banana Design via-a-via Plaintiff.

## Seventh Affirmative Defense

82.     Plaintiff has acquiesced to Defendant's use of the Warhol Banana Design as a trademark in connection with some or all of the goods/services for which Plaintiff claims trademark rights.

## Eighth Affirmative Defense

83.     Plaintiff's claims are barred by the doctrines of laches and equitable estoppel.

## Ninth Affirmative Defense

84.     Plaintiff has suffered no recoverable damages and/or has failed to mitigate its damages.

## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff The Andy Warhol Foundation for the Visual Arts, Inc. ("Warhol Foundation"), by its undersigned attorneys, incorporating by reference all of the allegations set forth above, for its counterclaims against Plaintiff and Counterclaim-Defendant The Velvet Underground ("VU Partnership") alleges:

## THE PARTIES

1.      The Warhol Foundation is a New York not-for-profit corporation and maintains its principal place of business at 65 Bleecker Street, New York, New York 10012.

2.      Upon information and belief, the VU Partnership is a New York partnership and maintains its principal place of business at the offices of Christopher R. Whent, Esq., 270 Madison Avenue, New York, New York 10016.

## SUBJECT MATTER JURISDICTION

3.      The Court has jurisdiction over the subject matter of the Warhol Foundation's counterclaims pursuant to 15 U.S.C. §§ 1119 and 1121, and 28 U.S.C. §§ 1331, 1338 and 1367.

## BACKGROUND FACTS

**A.      Andy Warhol and the VU Ensemble**

4.      The artist Andy Warhol (1928 – 1987) is one of the most influential figures in twentieth century art and culture.

5.      Upon information and belief, in or about December 1965, Andy Warhol attended one or more performances of a fledgling rock band that called itself "The Velvet Underground" (the "VU Ensemble").

6.      At the time of his first encounter with the VU Ensemble, Andy Warhol was already widely known as a leading contemporary artist.

10

7.     Upon information and belief, during 1965 and 1966, John Cale, Lou Reed and the other members of the VU Ensemble sought out, received and benefited professionally and personally from their developing reputation as being Andy Warhol's recent project and protégés.

8.     Upon information and belief, in or about 1966 the VU Ensemble wanted to release a record album (its first).

9.     Upon information and belief, Andy Warhol suggested, and the VU Ensemble agreed, that the VU Ensemble include the German singer, lyricist and composer Christa Päaffgen – also known as "Nico" – as a singer on the group's first record album.

10.    The VU Ensemble released its debut album, "The Velvet Underground and Nico" (the "Album"), in March 1967.

11.    Andy Warhol was the Album's producer.

12.    Andy Warhol provided artwork for the Album's front cover.  The artwork featured the design of a banana (the "Warhol Banana Design").

13.    Upon information and belief, Andy Warhol had created the Warhol Banana Design in or about 1966 and used the design in making approximately 300 screen prints in laminated plastic.

14.    Andy Warhol's signature appeared on the Album's front cover, directly beneath the Warhol Banana Design.

**B.     The Warhol Foundation's Mission, Licensing Program and Trademarks**

15.    Andy Warhol died unexpectedly at the age of 58 on February 22, 1987.

16.    The Warhol Foundation was established shortly after Andy Warhol's death to implement provisions contained in Andy Warhol's Last Will and Testament directing that much of his estate be used to create a foundation that dedicated to the advancement of the visual arts.

17.     The Warhol Foundation's mission is to foster innovative artistic expression and the creative process by encouraging and supporting through grants cultural organizations that, directly or indirectly, support visual artists and their work.

18.     The Warhol Foundation funds its activities through an endowment and through revenues generated by a licensing program.

19.     The Warhol Foundation's licensable intellectual property in the United States includes various common law and registered trademarks consisting of Andy Warhol's name and signature – among others, the marks shown on the following Principal Register registrations: Reg. Nos. 3,497,321; 3,403,036; and 3,588,888.

20.     The trademark registrations identified above in ¶ 19 are valid, subsisting and are in full force and effect.

21.     The Warhol Foundation's licensable intellectual property in the United States also includes the Warhol Banana Design, as well as numerous other registered and common law trademarks comprised of various designs, symbols and devices.

22.     The Warhol Foundation exercises control over the nature and quality of all licensed goods/services that bear Andy Warhol's name and signature, the Warhol Banana Design, and/or the Warhol Foundation's other registered and common law trademarks (collectively, the "Warhol Foundation Marks").

23.     All use of the Warhol Foundation Marks by the Warhol Foundation's licensees inures to the benefit of the Warhol Foundation.

24.     As a result of advertising, sales and promotional activities by the Warhol Foundation and/or its licensees, and as a result of Andy Warhol's reputation as an internationally acclaimed artist and cultural figure, Andy Warhol's name and signature and the other Warhol

Foundation Marks have achieved a secondary meaning connoting the Warhol Foundation as the source of licensed and authorized goods bearing such marks.

## FIRST CAUSE OF ACTION

### Declaratory Judgment of Trademark Invalidity by Reason of the VU Partnership's Unclean Hands and Illegal Trademark Use

25.     The Warhol Foundation repeats and re-alleges the allegations of ¶¶ 1 - 24 as if fully set forth herein.

26.     This is a claim for declaratory relief arising under the Declaratory Judgment Act, 28 U.S.C. § 2201.

27.     Upon information and belief, since approximately 1993, the VU Partnership has engaged in a licensing program through which it has authorized third parties to use various names and images in return for royalty payments.

28.     In connection therewith, the VU Partnership has granted third parties the right to use the Warhol Banana Design on and in connection with a wide array of goods that do not originate from and are not associated with the Warhol Foundation.

29.     Upon information and belief, in licensing-out the right to use the Warhol Banana Design, the VU Partnership has authorized and/or condoned its licensees' use of Andy Warhol's name and/or signature in close proximity to the Warhol Banana Design, even though the goods in do not originate from and are not affiliated with the Warhol Foundation.

30.     The VU Partnership's use of Andy Warhol's name and/or signature on or in connection any good or service (apart from a CD or other recording of the Album) is deceptive and unlawful.  Such use is likely to confuse consumers into believing that the Warhol Foundation or other authorized representative of Andy Warhol has sponsored, approved or authorized the good or service in question.

31.     The VU Partnership has indelibly tainted its use of the Warhol Banana Design by conjoining the Warhol Banana Design with Andy Warhol's name and signature on goods/services that do not originate from the Warhol Foundation.

32.     The foregoing misconduct by the VU Partnership constitutes unclean hands and illegal trademark use and precludes the VU Partnership from maintaining rights in the Warhol Banana Design as a trademark.

33.     The VU Partnership has instituted suit lawsuit against the Warhol Foundation in the United States District Court for the Southern District of New York, claiming that the Warhol Foundation's use of the Warhol Banana Design through the Warhol Foundation's licensees infringes the VU Partnership's purported trademark rights in the Warhol Banana Design.

34.     By reason of the foregoing, an actual case and justiciable controversy within the meaning of 28 U.S.C. § 2201 exists between the Warhol Foundation and the VU Partnership over whether the VU Partnership may maintain trademark rights in the Warhol Banana Design.

### SECOND CAUSE OF ACTION

**Declaratory Judgment with Respect to the Warhol
Foundation's Priority of Trademark Use vis-à-vis the VU Partnership**

35.     The Warhol Foundation repeats and re-alleges the allegations of ¶¶ 1- 34 as if fully set forth herein.

36.     This is a claim for declaratory relief arising under the Declaratory Judgment Act, 28 U.S.C. § 2201.

37.     Acting through its licensees, the Warhol Foundation has used the Warhol Banana Design as a trademark on bags, tote bags, and fashion bags since at least as early as September 25, 2005; on watches since at least as early as October 24, 2005; and on men's and women's clothing since at least as early as April 1, 2006.

14

38.     On January 25 and 26, 2012, the Warhol Foundation filed applications with the United States Patent and Trademark Office ("PTO") to register the Warhol Banana Design as a trademark under Section 1(a) of the Lanham Trademark Act ("Lanham Act") for the goods specified in ¶ 37 based on the dates of first use identified in that paragraph.

39.     The Warhol Foundation's registration application filed January 26, 2012 also seeks to register the Warhol Banana Design as a trademark for various additional goods under Section 1(b) of the Lanham Act based on the Warhol Foundation's *bona fide* intention to use the mark for these goods in commerce.

40.     In the instant lawsuit, the VU Partnership contends that it began to use the Warhol Banana Design as a trademark for various goods/services on dates that precede the Warhol Foundation's claimed date of first use of the Warhol Banana Design as a trademark (*viz.*, September 25, 2005).

41.     However, as between the parties, it is the Warhol Foundation that enjoys priority of trademark use in the Warhol Banana Design because, upon information and belief, the VU Partnership never made a *bona fide* source-indicating trademark use of the Warhol Banana Design and/or  never acquired a secondary meaning in the Warhol Banana Design as a designation of origin.

42.     The Warhol Foundation enjoys priority of trademark use in the Warhol Banana Design for the additional, independently sufficient reason that the VU Partnership's acts of unclean hands and illegal trademark use hereinabove alleged (*supra.*, ¶¶ 28 – 32) preclude the VU Partnership from maintaining enforceable trademark rights in the Warhol Banana Design as against the Warhol Foundation.

43.     By reason of the foregoing, an actual case and justiciable controversy within the meaning of 28 U.S.C. § 2201 exists between the Warhol Foundation and the VU Partnership over which of the parties to this litigation – the Warhol Foundation or the VU Partnership – enjoys priority of trademark use in the Warhol Banana Design.

## COUNT III

### Trademark Infringement and False
### Designations of Origin:  Andy Warhol Name and Signature

44.     The Warhol Foundation repeats and re-alleges the allegations of ¶¶ 1 - 43 as if fully set forth herein.

45.     This is a claim for injunctive and monetary relief arising under the Lanham Trademark Act, 15 U.S.C. §§ 1051 *et. seq*.

46.     The VU Partnership's use of the Warhol Foundation's registered trademarks consisting of Andy Warhol's name and/or signature in connection with advertising, promoting, distributing, selling and offering to sell goods/services that do not originate from the Warhol Foundation is likely to cause confusion, mistake and deception among consumers, in violation of 15 U.S.C. § 1114(a).

47.     The VU Partnership's use of  Andy Warhol's name and/or signature in connection with advertising, distributing, selling and offering to sell goods/services that do not originate from the Warhol Foundation constitutes the use in commerce of false designations of origin, and false or misleading descriptions of fact, in violation of 15 U.S.C. § 1125(a).

48.     The Warhol Foundation has no adequate remedy at law.

16

## FOURTH CAUSE OF ACTION

### False Designations of Origin:  The Warhol Banana Design

49.     The Warhol Foundation repeats and re-alleges the allegations of ¶¶ 1- 48 as if fully set forth herein.

50.     This is a claim for injunctive and monetary relief arising under the Lanham Trademark Act, 15 U.S.C. U.S.C. §§ 1051 *et. seq*.

51.     The VU Partnership's use of  the Warhol Banana Design as a trademark in connection with advertising, distributing, selling and offering to sell goods/services that do not originate from the Warhol Foundation constitutes the use in commerce of false designations of origin, and false or misleading descriptions of fact, in violation of 15 U.S.C. § 1125(a).

52.     The Warhol Foundation has no adequate remedy at law.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

53.     The Warhol Foundation repeats and re-alleges the allegations of ¶¶ 1 - 52 as if fully set forth herein.

54.     This is a claim for damages arising under the common law of the State of New York.

55.     The foregoing acts of the VU Partnership constitute unjust enrichment under the common law of the State of New York.

## SIXTH CAUSE OF ACTION

### Unfair Competition

56.     The Warhol Foundation repeats and re-alleges the allegations of ¶¶ 1 – 55 as if set forth fully herein.

57.     This is a claim for injunctive and monetary relief arising under the common law of the State of New York.

58.     The foregoing acts of the VU Partnership constitute unfair competition under the common law of the State of New York.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Warhol Foundation demands judgment against the VU Partnership as follows:

1.     Declaring that the VU Partnership's use and/or authorization of others to use the Andy Warhol name and signature in conjunction with the Warhol Banana Design for goods/services that do not originate from the Warhol Foundation constitutes unclean hands and illegal trademark use – thereby precluding the VU Partnership from maintaining enforceable trademark rights in the Warhol Banana Design.

2.     Declaring that, as between the parties, the Warhol Foundation enjoys priority of trademark use in the Warhol Banana Design.

3.     Enjoining the VU Partnership, its licensees, successors, officers, partners, agents, attorneys, employees, distributors, vendors, sales representatives and account managers, and anyone acting in active concert or participation with any of them, from:

      A.     Using the Andy Warhol name and/or signature on or in connection with any goods or services that do not originate from the Warhol Foundation.

      B.     Using the Warhol Banana Design on or in connection with any goods or services that do not originate from the Warhol Foundation.

      C.     Otherwise infringing any trademark rights of the Warhol Foundation.

      D.     Otherwise competing unfairly with the Warhol Foundation.

4.      Ordering the VU Partnership to engage in corrective advertising with all distributors, vendors, sales representatives and account managers that have received products, labels, packaging, wrappers, signs, prints, banners, posters, brochures or other advertising materials comprised of or bearing the Warhol Banana Design, to mitigate the damage done to the Warhol Foundation's reputation and the harm done to the goodwill associated with the Warhol Foundation Marks stemming from the VU Partnership's unlawful infringement and unfair competition.

5.      Awarding the Warhol Foundation compensation for all damages, injuries and harm caused by the VU Partnership's unlawful conduct.

6.      Ordering full restitution and/or disgorgement of all profits and benefits that may have been obtained by the VU Partnership as a result of its wrongful conduct.

7.      Declaring that the VU Partnership's infringement of the Warhol Foundation's trademark rights was knowing, intentional and willful, and awarding the Warhol Foundation treble damages resulting from the VU Partnership's willful and intentional misconduct.

8.      Awarding the Warhol Foundation punitive and exemplary damages.

9.      Directing that the VU Partnership pay the costs of this action and reimburse the Warhol Foundation for its attorney's fees.

10.     Awarding the Warhol Foundation such other relief as the Court deems necessary, just and proper.

## JURY DEMAND

The Warhol Foundation hereby makes demand for a trial by jury on all issues triable to a jury.

Dated:  September 14, 2012

                                   Respectfully submitted,

                                   COLLEN IP
                                   *Attorneys for Defendant and Counterclaim-Plaintiff,*
                                   *The Andy Warhol Foundation for the Visual Arts, Inc.*

                                   By: _____
                                       Jess M. Collen (JC 2875) – jcollen@collenip.com
                                       Joshua Paul (JP 4079) – jpaul@collenip.com
                                       Lisa A. McAndrews – lmcandrews@collenip.com
                                       The Holyoke-Manhattan Building
                                       80 South Highland Avenue
                                       Ossining, New York 10158
                                       Tel. (914) 941-5668

To:

Clifford James, Esq. – cjames@cjtoplaw.com
260 Madison Avenue, 17th Floor
New York, New York 10016-2401
Tel. (212) 532-6333

Christopher R. Whent, Esq. - cwhent@sprintmail.com
270 Madison Avenue, Suite 1410
New York, New York 10016-0601
Tel. (212) 545-9552

*Attorneys for Plaintiff and Counterclaim-Defendant*
*The Velvet Underground*

## <u>CERTIFICATE OF SERVICE</u>

I, JOSHUA PAUL, being a member of the Bar of this Court, certify that, on September

14, 2012, I served a true and correct copy of the within "WARHOL FOUNDATION'S

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS" by electronic mean (e-

mail) to the following attorneys of record for Plaintiff The Velvet Underground:

> Clifford James, Esq., 260 Madison Avenue, 17th Floor, New York, New
> York 10016-2401 (email address:  cjames@cjtoplaw.com)

> Christopher R. Whent, Esq., 270 Madison Avenue, Suite 1410, New York,
> New York 10016-0601 (email address:  cwhent@sprintmail.com)

Dated: Ossining, New York
      September 14, 2012

               _____
                    JOSHUA PAUL (JP4079)